UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE PAGAN, | |
| Plaintiff, | 25 Civ. 5550 (JHR) |
| -v.- | ORDER OF DISMISSAL |
| AMELIA AHNE et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Jorge Pagan, acting *pro se*, brought this action on July 7, 2025 for violations of 42 U.S.C. §§ 1983 and 1985 and for a declaratory judgment. *See* ECF No. 1. Plaintiff has paid the required filing fee. ECF No. 2. For the reasons set forth below, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction.

## I.    BACKGROUND

Mr. Pagan purports to pursue this action "in his individual capacity and as Attorney-in-Fact for Denise Petretti, pursuant to a valid Power of Attorney." *See* ECF No. 9 (Am. Compl.) at 2. The Amended Complaint alleges that Defendants "deprived Denise Petretti of her constitutionally protected property interest in her residence," *id.* at 5, located at 255 W. 108th Street, Apt. 2B, New York, NY 10025 (the "Property"), *id.* at 2.[1] Mr. Pagan also resides at this address. *See id.* at 2, 8.

Defendant Amelia Ahne is a property manager or representative of Douglas Elliman Property Management, the agent for the Property. *Id.* at 3. Defendant 255 W. 108 Street Corp. is the cooperative housing corporation that owns and manages the Property. *Id.* Defendant Jan

---

[1] At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Jericho is a member of the cooperative board at the Property. *Id.* at 2. Defendant Sylvia P. Tsai is legal counsel for Jericho. *Id.*

## II.    LEGAL STANDARDS

A complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers," "pro se litigants" also "must establish subject-matter jurisdiction." *Whittingham v. Tress*, No. 23 Civ. 6058 (VSB), 2024 WL 3252595, at *5 (S.D.N.Y. July 1, 2024) (citing *Hodge v. New York Unemployment*, No. 24 Civ. 1631 (AMD), 2024 WL 1513643, at *1 (E.D.N.Y. Apr. 8, 2024)); *see also Rimini v. J.P. Morgan Chase & Co.*, No. 21 Civ. 7209 (JPC), 2022 WL 4585651, at *3 (S.D.N.Y. Sept. 29, 2022) ("[D]espite the solicitous pleading standard, a *pro se* plaintiff must still show facts establishing the Court[']s subject matter jurisdiction." (alteration in original) (quoting *Bravo v. U.S. Bank Nat'l Ass'n*, No. 12 Civ. 1183 (ENV), 2013 WL 307824, at *1 (E.D.N.Y. Jan. 25, 2013))).

"[A] district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter." *Jean-Baptiste v. Montway LLC*, No. 22 Civ. 5579 (PKC) (LB), 2022 WL 11213581, at *1 (E.D.N.Y. Oct. 19, 2022) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000)). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546

U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).

### III.    DISCUSSION

#### A.  Federal Question Jurisdiction

Federal courts have original jurisdiction over civil actions "arising under" federal law.  28 U.S.C. § 1331.  An action "arises under federal law ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

Even if a plaintiff invokes federal question jurisdiction, if that jurisdiction is premised on an "immaterial" or "wholly insubstantial" federal claim, the case may be dismissed.  *Spencer v. Casavilla*, 903 F.2d 171, 173 (2d Cir. 1990); *see, e.g., Vazquez v. Parker*, No. 22 Civ. 1225 (VB), 2022 WL 1558120, at *4 (S.D.N.Y May 17, 2022) (*sua sponte* dismissing complaint where plaintiff invoked federal statutes but did not allege any cognizable claims pursuant to those statutes); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08 Civ. 0365 (NGG), 2008 WL 413784, at *2 (E.D.N.Y. Feb. 13, 2008) (similar).

Plaintiff contends that his constitutional claims under 42 U.S.C. §§ 1983 and 1985 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, give rise to federal question jurisdiction.  But the Amended Complaint does not state a cognizable claim under any of those statutes.

*Section 1983.*  To plead a viable Section 1983 claim, Plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks

omitted).  "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Hannan v. Rose*, No. 18 Civ. 9878 (PGG) (DF), 2020 WL 1903282, at *11 (S.D.N.Y. April 17, 2020) (citing *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003)).  "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."  *Id.* (citing *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)).  "Plaintiff does not set forth any facts to suggest that Defendants are state actors or acted in concert with any state actor."  *See Jean-Baptiste*, 2022 WL 11213581, at *2 (dismissing *pro se* action *sua sponte* for lack of subject matter jurisdiction).[2]  Although Plaintiff alleges that Defendants "act[ed] under color of law," Am. Compl. at 9, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Sklodowska-Grezak v. Stein*, 236 F. Supp. 3d 805, 807 (S.D.N.Y. 2017) (dismissing *pro se* Section 1983 claim).

   *Section 1985.*  "The elements of a claim under § 1985(3) are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is deprived of any right of a citizen of the United States."  *Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) (cleaned up).  "Furthermore, the conspiracy must . . . be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."  *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (internal quotation marks omitted).  Here, the Amended Complaint

---

[2] Moreover, as to Defendant Tsai, "[i]t is well-established that as a matter of law a private attorney is not a state actor."  *See Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 Civ. 10071 (LAP), 2004 WL 691682, at *3 (S.D.N.Y. 2004).

"provides no 'factual basis to plausibly infer that [Defendants'] conduct with regard to [Plaintiff] was motivated by racial animus.'"  *Moore v. City of New York*, No. 22 Civ. 10957 (LGS), 2025 WL 919434, at *2 (S.D.N.Y. Mar. 26, 2025) (quoting *Francis v. Kings Park Manor, Inc.* 992 F.3d 67, 80 (2d Cir. 2021) (en banc)) (dismissing *pro se* action for lack of subject matter jurisdiction).

      *Declaratory Judgment Act.*  Finally, the Declaratory Judgment Act "does not extend a court's jurisdiction to claims over which it would not otherwise have jurisdiction."  *Kenney v. Lipton*, No. 18 Civ. 0376 (KBF), 2018 WL 11223151, at *2 (S.D.N.Y. May 2, 2018) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  "In other words, a plaintiff may only bring a claim pursuant to the Declaratory Judgment Act in federal court if the court could otherwise exercise jurisdiction over that claim."  *Id.* (dismissing *pro se* action for lack of subject matter jurisdiction).  As the Court does not have federal question jurisdiction over either the Section 1983 or 1985 claims, discussed *supra*, Plaintiff's claim pursuant to the Declaratory Judgment Act "does not independently create federal jurisdiction."  *See Architectural Body Rsch. Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018) (citing *Warner-Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184, 186 (2d Cir. 1977); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369 (JS), 2012 WL 601785, at *4 (E.D.N.Y. Feb. 22, 2012) ("Despite Plaintiff's citation of the Declaratory Judgment Act and Sections 1983 and 1985, his allegations do not present a colorable federal claim[.]").

      Accordingly, Plaintiff has not established federal question jurisdiction.

## B.  Diversity Jurisdiction

      Federal courts exercise original jurisdiction over civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and "the suit is between 'citizens of different States.'"  *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80

(2d Cir. 2005) (quoting 28 U.S.C. § 1332(a)(1)).  "[T]here must be complete diversity," such that "[no] plaintiff is a citizen of the same state as any defendant."  *Id.*

An individual's citizenship for the purpose of diversity jurisdiction "depends on his domicile."  *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).  An individual's domicile is "his true fixed home and principal establishment and, to which, whenever he is absent, he has the intention of returning."  *Id.*  "[A] person's residence at the time the lawsuit is commenced is *prima facie* evidence of [his] domicile."  *Voltaire v. Westchester Cnty. Dep't of Soc. Servs.*, No. 11 Civ. 8876 (CS), 2016 WL 4540837, at *12 (S.D.N.Y. Aug. 29, 2016).  Plaintiff avers that he has "lived at [the Property] for over 25 years," Am. Compl. at 8; he provided the Property's address for service of any orders in connection with this matter, ECF No. 2 at 2; and he has provided no other address to the Court.  Accordingly, the Court concludes that Plaintiff's "residence represents [his] 'true fixed home and principal establishment,'" and, thus, that Plaintiff is domiciled in New York.  *Voltaire*, 2016 WL 4540837 at *12 (dismissing *pro se* plaintiff's complaint against Westchester County Department of Social Services for lack of diversity jurisdiction after finding that Plaintiff "was residing in New York" and "ha[d] no concrete plans to live anywhere else").

A corporation's citizenship for the purpose of diversity jurisdiction is determined by its state of incorporation and principal place of business.  28 U.S.C. § 1332(c)(1).  The New York Department of State website provides that 255 W. 108 Street Corp. is incorporated in New York.  *See* Corp. & Bus. Entity Database, N.Y. Dep't of State, https://apps.dos.ny.gov/ publicInquiry/EntityDisplay (last visited August 8, 2025); *see also Vazquez*, 2022 WL 1558120 at *3 ("[P]laintiff has not alleged complete diversity of citizenship . . . the New York Department of State website says [defendant] is incorporated in New York."); *J&J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17 Civ. 4171 (AMD) (SJB), 2018 WL

4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").  "Thus, the Court concludes [P]laintiff and [255 W. 108 Street Corp.] are both domiciled in New York, and as a result there is not complete diversity of citizenship." *Vasquez*, 2022 WL 1558120 at *3.

Accordingly, Plaintiff has not established diversity jurisdiction.

## IV.    LEAVE TO AMEND

"The Court further concludes repleading would be futile." *Vazquez*, 2022 WL 1558120 at *4 (denying leave to amend complaint in *pro se* action on futility grounds).  Plaintiff, who is not an attorney, "may not appear on another person's behalf in the other's cause." *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).  "[D]istrict courts in the Second Circuit have routinely held that '[a] power of attorney does not allow that person to proceed *pro se* on behalf of their principal.'" *Valle v. Green Tree Servicing, LLC*, No. 16 Civ. 0277 (SRU), 2017 WL 1053848, at *5 (D. Conn. Mar. 20, 2017) (citation omitted, collecting cases)); *see also Whitfield v. Johnson*, No. 18 Civ. 1232 (WKF), 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) ("A non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal."), *aff'd*, No. 18-1331, 2019 WL 1178739 (2d Cir. Mar. 13, 2019) (summary order); *Miller v. Town of Morrisville*, No. 14 Civ. 0005, 2015 WL 1648996, at *3 (D. Vt. Apr. 14, 2015) ("[T]he granting of a power of attorney to a non-lawyer does not enable that person to appear in court on the grantor's behalf."); *Megna v. U.S. Dep't of Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) (similar); *Mandeville v. Wertheimer*, No. 01 Civ. 4469 (JSR) (DF), 2002 WL 432689, at *2-3 (S.D.N.Y. Mar. 19, 2002) (similar).  Thus, even though Plaintiff alleges that he holds power of attorney with respect to Ms. Petretti, Am. Compl. at 2, he may not appear *pro se* to bring claims on her behalf in federal court.

The Court therefore declines to grant leave to amend the Complaint.  If Ms. Petretti wishes to pursue these claims, she may file a new complaint on her own behalf or retain a licensed attorney to represent her.

## V.    CONCLUSION

For the reasons stated above, the Court DISMISSES the Complaint for lack of subject matter jurisdiction.  Leave to amend the Complaint is DENIED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 8, 2025
      New York, New York

                                      JENNIFER H. REARDEN
                                      United States District Judge