UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JORGE L. PAGAN,

Plaintiff,

v.

JAN JERICHO, SYLVIA P. TSAI, AMELIA AHNE-BLUME, MARCELA BAUM,

PAUL MAZZACANO, DIANA ERBSEN, MICHAEL MANZI, SOLOMON E.

JASKIEL, JOHN DOE 1, JOHN DOE 2,

Defendants.

Case No.: 1:25-cv-05550-JHR

**EMERGENCY DECLARATION IN SUPPORT OF TEMPORARY**

**RESTRAINING ORDER AND STAY OF STATE COURT ENFORCEMENT**

I, Jorge L. Pagan, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

**Background**

I am the Plaintiff in the above-captioned matter, appearing pro se and as Attorney-in-Fact for Denise Petretti pursuant to a valid Power of Attorney under GOL § 5-1504(7). I have personal knowledge of the facts stated herein.

This declaration is submitted to request immediate federal intervention and injunctive relief in light of an imminent removal of my personal property from my residence at 255 West 108 Street, Unit 2B, New York, NY 10025, scheduled for August 12, 2025.

**Procedural History**

On August 8, 2025, Judge Clinton J. Guthrie of Civil Court (Housing Part D) denied my Order to Show Cause to restore possession and stay removal of my belongings, relying solely on a prior stipulation dated February 13, 2025 (Exhibit A).

The court declined to address the jurisdictional defect: the stipulation and underlying proceeding were predicated on a Surrogate's Court Citation never signed, sealed, docketed, or lawfully issued (Exhibit 1).

On August 5, 2025, I was forcibly excluded from my home by the City Marshal without prior notice or valid court order in hand, later receiving notice that all personal property must be removed by August 12, 2025 (Exhibits B, C).

**Jurisdictional Defects**

The Surrogate's Court Citation, forming the sole basis of the state proceedings, was never lawfully issued and is therefore void ab initio.

The Affidavit of Service in Surrogate's Court File No. 2022-4059 contains forged and inaccurate physical descriptions, falsely claiming personal service without a hearing.

**Irreparable Harm**

Without immediate intervention, I will suffer irreparable harm through the loss of my residence, personal property, and critical case evidence.

I have lived in this apartment for over 25 years under express permission of the former owner, and I hold a 1% ownership interest in the co-op shares as of July 2025.

**Factors for Injunctive Relief**

1. Likelihood of Success on the Merits: The Surrogate's Court Citation was never lawfully issued, creating a jurisdictional defect fatal to the state action.

2. Irreparable Harm: Without relief, I will permanently lose my home, personal property, and evidence by August 12, 2025.

3. Balance of Hardships: The harm to me outweighs any temporary delay to Defendants.

4. Public Interest: Relief will uphold constitutional due process, prevent enforcement of void process, and protect the integrity of federal proceedings.

**Response to Anticipated Opposition**

Stipulation Waiver: The February 13, 2025 stipulation was entirely predicated on the void Citation and is unenforceable.

Decree Validity: Federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1343 to review unconstitutional process.

Futility: Restoration is necessary to preserve my constitutional rights and prevent irreparable harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2025

/s/ Jorge L. Pagan

Jorge L. Pagan

Plaintiff, Pro Se

Attorney-in-Fact for Denise Petretti

Pursuant to GOL § 5-1504(7)

255 W. 108 Street Apt.2B

New York NY, 10025

917 285-1952

georgepagan@gmail.com

*/s/ Jorge Pagan*